# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>GOSS, *et al.*,<br><br>    Defendants. | Case No.  1:20-cv-00542-BAM (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S OBJECTION TO ATTORNEY GENERAL'S REPRESENTATION OF DEFENDANTS AS MOOT<br><br>(ECF No. 9) |

Plaintiff Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

Currently before the Court is Plaintiff's "Notice of & Objection to Attorney General's Representation of Defendants, inter alia," filed April 27, 2020.  (ECF No. 9.)  In this filing, Plaintiff appears to object to the Attorney General's representation of Defendants in this action, and argues that the Attorney General is instead obligated to represent him in this action.  (Id.)  The Court declines to provide a further summary of the frivolous arguments contained in the filing.  The attached exhibits do not appear related to Plaintiff's objections or request for counsel, and are not otherwise referenced in the filing.

As noted above, the complaint in this action has not yet been screened.  As such, the Court has not yet determined whether the complaint states any cognizable claims on which this action

may proceed, and no defendants have been served or appeared.  As there are no defendants in this action, there are also no attorneys for defendants, whether from the Attorney General's Office or elsewhere.  Accordingly, the Court finds that Plaintiff's objections to the Attorney General's representation of defendants in this action are moot.

To the extent Plaintiff is seeking an order from the Court appointing him counsel—from the Attorney General's Office or private counsel—Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma pauperis* almost daily.  These prisoners also must litigate without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed.  Finally, based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objection to the Attorney General's representation of defendants, (ECF No. 9), is DISREGARDED as moot; and

2. Plaintiff's motion to appoint counsel, (ECF No. 9), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 29, 2020**                       /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE