# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND, | Case No. 1:20-cv-00542-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| D. GOSS, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 1.) |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Joshua Bland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 16, 2020, is currently before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Corcoran.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison.  Plaintiff names the following defendants: (1) Captain D. Goss; (2) Correctional Officer D. Badger; and (3) Lieutenant R. Molino.

In Claim I, Plaintiff asserts violations of the Equal Protection Clause and the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.  Plaintiff only alleges: "On or about February 11, 2015, Defendant D. Badger Falsified a Rules Violation Report of an incident that never occurred."  (ECF No. 1 at 3.)  Plaintiff claims he lost thirty (30) days credit and $22.01 was stolen "under fraud."  (Id.)

In Claim 2, Plaintiff asserts violations of the Fourteenth, Fourth, Fifth and Ninth Amendments to the United States Constitution, along with a violation of 18 U.S.C. § 1001.  Plaintiff alleges as follows:

> On or about 03/02/2015, Defendant D. Goss unlawfully approved Defendant D. Badger's forged CDC-193 Trust Account Withdrawal Order that both Defendants had knowingly, falsely, fraudulently, and deceitfully, did alter, and cause to be altered, by malicious intent and by falsely making of PHF, common law copyrighted, trade-name(s)/trademark(s)/private property even of being informed

2

via Common Law Copyright Notice.

(ECF No. 1 at 4.)  Plaintiff claims that he was defrauded out of $22.01.

In Claim III, Plaintiff asserts a violation of the Equal Protection Clause.  He only alleges: "Defendant R. Molino had denied me access to attend the disciplinary proceeding, claiming I had refused."  (ECF No. 1 at 5.)  Plaintiff claims loss of credits and funds under fraud/forgery.  (Id.)

As relief, Plaintiff requests that RVR be deleted from his file, for the $51.20 charge to be deleted from his trust account and to be awarded damages.

**III.    Discussion**

**A.  Time Barred Claims**

Plaintiff's complaint appears to allege time-barred claims.  Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Maldonado, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal.

3

1   Civ. Proc. Code §§ 335.1, 352.1(a).

2   California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (citation and quotation marks omitted); see also Addison v. State of Cal., 21 Cal. 3d 313, 319 (1978) (citations omitted).

Plaintiff's claims are predicated on events in February 11, 2015, and March 2, 2015. Assuming that Plaintiff was entitled to two years to file his claim, plus an additional two years due to his incarceration, Plaintiff's complaint must have been filed no later than March 2, 2019. However, the complaint in this action was signed on April 9, 2020, and filed with the Court on April 16, 2020.  Plaintiff includes no allegations to demonstrate that any equitable tolling should apply or to explain the more than one-year delay in bringing this action. Accordingly, it appears that Plaintiff's federal claims brought under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution are time barred and this action should be dismissed.

**B.  Alleged Violation of 18 U.S.C. § 1001**

In addition to claims based on violations of the United States Constitution, Plaintiff also purports to bring a claim for violation of a federal criminal statute, 18 U.S.C. § 1001.  However, no private cause of action exists for violations of 18 U.S.C. § 1001.  See, e.g., Carter v. Curtis, CIV NO. 18-00179 JMS-RLP, 2018 WL 2376087, at *3 (D. Haw. May 24, 2018); Kennedy v. World Sav. Bank, FSB, No. 14-cv-05516-JSC, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015) ("Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action").  Thus, this claim should be dismissed for failure to state a claim.

**C.  Leave to Amend**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  Because it

does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV. Conclusion and Recommendation

For the reasons stated, Plaintiff's complaint is barred by the statute of limitations and fails to state a cognizable claim for relief.  Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed as barred by the statute of limitations and for failure to state a cognizable claim upon which relief can be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2020**                       /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE