UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>D. GOSS, et al.,<br><br>   Defendants. | No. 1:20-cv-00542-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 12) |

Plaintiff Joshua Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 5, 2020, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that this action be dismissed as barred by the applicable statute of limitations and for failure to state a cognizable claim upon which relief may be granted.  (Doc. No. 12.)  The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen (14) days.  (*Id.* at 5.)  Plaintiff timely filed objections on August 20, 2020.  (Doc. No. 15.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a de novo review of the case.  Having carefully reviewed the entire file, including plaintiff's

/////

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff states that he exhausted all administrative remedies provided to him, presumably to advocate for equitable tolling of the applicable statute of limitations. (Doc. No. 15 at 1.) However, this argument is unavailing because in determining that March 2, 2019 was the latest date plaintiff could have timely filed his complaint, the magistrate judge assumed *arguendo* that plaintiff needed two years to exhaust his administrative remedies and that he was entitled to an additional two years in which to commence this action due to his incarceration. (Doc. No. 12 at 4.) Plaintiff also objects on the grounds that the magistrate judge erred because there is no statute of limitations for fraud. (Doc. No. 15 at 1.) Because plaintiff alleges acts of fraud in several of his claims, it is unclear which claim plaintiff's objection in this regard is directed at. Nevertheless, plaintiff's argument in this regard is also unavailing. Plaintiff's claims are brought pursuant to either 42 U.S.C. § 1983 or 18 U.S.C. § 1001. (*See* Doc. No. 1.) The magistrate judge correctly concluded that (1) plaintiff's § 1983 claims are time-barred because California's two-year statute of limitations applies to such claims, and (2) plaintiff's claims brought pursuant to 18 U.S.C. § 1001 must be dismissed for failure to state a claim because "Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action." *Kennedy v. World Sav. Bank, FSB*, No. 14-cv-05516-JSC, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015); (*see* Doc. No. 12 at 3–4). The undersigned agrees with the magistrate judge's findings and recommendations in both respects.

Accordingly,

1. The findings and recommendations issued on August 5, 2020 (Doc. No. 12) are adopted in full;
2. This action is dismissed, with prejudice, as barred by the applicable statute of limitations with respect to plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and for failure to

/////

/////

/////

2

state a cognizable claim with respect to plaintiff's claims asserted on the basis of 18 U.S.C. § 1001; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**January 12, 2021**__        /s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE